UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMY DUERR, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. CIV-22-550-J |
| INFRAMARK, LLC, | ) |
|       Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion for Summary Judgment (Motion) [Doc. No. 29], to which Plaintiff responded (Resp.) [Doc. No. 44] and Defendant replied [Doc. No. 46].[1] Upon review of the parties' submissions, the Court grants Defendant's Motion for Summary Judgment.

**I.     Factual Background**

Defendant operates water and wastewater treatment facilities throughout Oklahoma. In 2017, Defendant took over operations of a treatment facility in Clinton, Oklahoma (the Clinton Plant), at which Plaintiff had worked since 1985. At all relevant times, Plaintiff was employed by Defendant in an hourly position as the Lead Operator of Water at the Clinton Plant.

Beyond Plaintiff's 40-hour work week he was, at times, required to be on call and work weekends. Defendant's digital timekeeping system automatically tracked Plaintiff's hours and overtime pay, and Plaintiff regularly received overtime pay for hours worked in excess of 40 hours per week. If he noticed an error in his recorded hours or overtime pay, he could—and did—request a correction.

---

[1] All page citations refer to the Court's CM/ECF pagination.

Defendant historically employed two lead operators at the Clinton Plant—one Lead Operator of Water and one Lead Operator of Wastewater. However, in 2020, citing efficiency concerns, Defendant created an Operations Supervisor position and eliminated both Plaintiff's position and that of the Lead Operator of Wastewater.[2] Though Plaintiff was unqualified for the newly-created supervisory position,[3] he was offered a different position at the Clinton Plant at the same rate of pay as his prior position. Plaintiff declined, and his final day of employment was June 26, 2020.

Roughly seven months later, Defendant's (1) incumbent Operations Supervisor was promoted, leaving the position vacant; and (2) contract with the city of Clinton was revised to require that Defendant employ an individual with knowledge and experience in reverse osmosis. Citing these developments, Defendant decided to return to its traditional organizational structure with two lead operators. It began its search for candidates in March 2021.

Plaintiff initiated this employment action against Defendant on April 7, 2022.[4] (Pet.) [Doc. No. 1–1]. He asserts claims for (1) age discrimination under the Age Discrimination in Employment Act (ADEA) and the Oklahoma Anti-Discrimination Act (OADA); (2) unpaid wages and overtime under the Fair Labor Standards Act (FLSA); and (3) retaliatory discharge under the Oklahoma Supreme Court's decision in *Burk v. K-Mart Corp.*, 1989 OK 22, 770 P.2d 24. Defendant now moves for summary judgment on these claims.

---

[2] At the time, the Lead Operator of Wastewater position was vacant.

[3] The Operations Supervisor position required experience and licensure in both water and wastewater. Plaintiff had experience and licensure in water only.

[4] Plaintiff initiated this action in the District Court of Oklahoma County, State of Oklahoma. The action was removed to federal court on June 29, 2022.

## II.  Summary Judgment Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material when it "might affect the outcome of the suit under the governing law." *Id.*

"The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003). Where, as here, the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy this burden by demonstrating "a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

Once the moving party has met its burden, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party "may not rest upon the mere allegations of his pleadings, but must respond with specific facts showing the existence of a genuine issue for trial." *Stevens v. Barnard*, 512 F.2d 876, 878 (10th Cir. 1975); *see also Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings." (internal quotation marks omitted)); *Finstuen v. Crutcher*, 496 F.3d 1139, 1144 (10th Cir. 2007) ("Unsupported conclusory allegations . . . do not create an issue of fact." (internal quotation marks omitted)). At the summary judgment stage, the Court views the record and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071 (10th Cir. 1998).

With these standards in mind, the Court notes Plaintiff's glaring failure to provide factual evidence in opposition to Defendant's summary judgment motion. *See* Resp. at 9–11. In responding to Defendant's properly supported facts, Plaintiff repeatedly notes his disputation yet fails to cite any evidence in support.[5]  *See id.*  Plaintiff's response, in total, contains only a single citation to evidence in the record, which occurs in support of an additional fact he believes precludes summary judgment.[6]  *See id.* at 11.  All other factual contentions are devoid of evidentiary support.  This approach runs afoul of basic summary judgment procedure.

### III.  Analysis

#### A.  Age Discrimination Under the ADEA and OADA

The Court notes at the outset that Plaintiff's claims of age discrimination under the ADEA and OADA are analyzed similarly. *See Andrews v. Okla. Workers' Comp. Comm'n*, No. CIV-21-609-R, 2021 WL 4699075, at *7 (W.D. Okla. Oct. 7, 2021); *Taber v. City of Sand Springs*, No. 12–CV–0666–CVE–TLW, 2014 WL 241697, at *7 (N.D. Okla. Jan. 22, 2014).

The ADEA provides a remedy for discrimination in employment on the basis of age. *See* 29 U.S.C. § 623(a)(1). A plaintiff can prove age discrimination with direct or circumstantial evidence. *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). Direct evidence demonstrates on its face that the employment action was discriminatory. *Ramsey v. City & Cnty. of Denver*, 907 F.2d 1004, 1008 (10th Cir. 1990). Circumstantial evidence permits the fact finder

---

[5] When a nonmoving party is unable to present facts essential to justify its opposition to a summary judgment motion, it may request additional time to respond in an effective manner. *See* Fed. R. Civ. P. 56(d). Plaintiff made no such request.

[6] Specifically, Plaintiff cites to an e-mail sent by a member of Defendant's upper management to human resources, *see* [Doc. No. 44–1], contending that the member "questioned how long a position must be 'eliminated' before the position could be reinstated," Resp. at 11. The Court disagrees with Plaintiff's characterization of this e-mail.

to draw a reasonable inference from facts indirectly related to discrimination that discrimination, in fact, occurred. *Stone*, 210 F.3d at 1136. "Plaintiff has the ultimate burden of proving, either directly or indirectly, that [D]efendant intentionally discriminated against him." *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008).

Here, it is clear Plaintiff seeks to establish discrimination through circumstantial evidence. In cases brought under the ADEA where circumstantial evidence is the basis for the claim, summary judgment analysis is governed by the three-step burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Adamson*, 514 F.3d at 1145. First, the plaintiff must prove a prima facie case of discrimination. *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002). If successful, the defendant then bears the burden of producing a legitimate, nondiscriminatory reason for its challenged employment action. *Id.* If the defendant meets this burden, the plaintiff must then show the defendant's justification is pretextual. *Id.*

A prima facie case of age discrimination ordinarily requires the plaintiff to show that he was: "(1) within the protected class of individuals 40 or older; (2) performing satisfactory work; (3) terminated from employment; and (4) replaced by a younger person, although not necessarily one less than 40 years of age." *Adamson*, 514 F.3d at 1146. Defendant seemingly concedes that Plaintiff could demonstrate a prima facie case, *see* Motion at 17, and the Court thus moves to the second step of the *McDonnell Douglas* framework.

Again, at the second step, Defendant must articulate a legitimate, nondiscriminatory reason for its challenged employment action. The Court concludes Defendant has satisfied this "exceedingly light" burden here. *DePaula v. Easter Seals El Mirador*, 859 F.3d 957, 970 (10th Cir. 2017) (internal quotation marks omitted). In short, Defendant has produced evidence

explaining how its elimination of Plaintiff's position in 2020 was a strategic business decision aimed at increasing efficiency.  *See id.* ("[T]he defendant's burden is one of production, not persuasion; it can involve no credibility assessment." (internal quotation marks omitted)).

The Court's analysis thus turns chiefly on the third step of the *McDonnell Douglas* analysis—that is, whether Plaintiff has presented sufficient evidence to permit a reasonable juror to conclude that Defendant's proffered reason was a mere pretext for age discrimination.  The Court finds Plaintiff has failed to do so.

To survive a motion for summary judgment at the pretext step, Plaintiff must present evidence to establish there is a genuine issue of material fact as to whether Defendant's articulated reason for the adverse employment action was pretextual.  *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1218 (10th Cir. 2013); *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1225 (10th Cir. 2000).  Plaintiff may show pretext by demonstrating the "proffered reason is factually false" or that "discrimination was a primary factor in the employer's decision." *Tabor*, 703 F.3d at 1218. This is often accomplished "by revealing weaknesses, implausibilities, inconsistencies, incoherences, or contradictions in the employer's proffered reason, such that a reasonable fact finder could deem the employer's reason unworthy of credence." *DePaula*, 859 F.3d at 970 (internal quotation marks omitted).  In attempting to show pretext here, Plaintiff points exclusively to Defendant's elimination—and subsequent restoration—of his lead operator position.  *See* Resp. at 25.

But Defendant has produced evidence demonstrating that its decision to bring back the position resulted from a change in its contractual obligations to the city of Clinton.  Moreover, and more importantly, it is simply unreasonable to infer that Defendant sought to push Plaintiff out of the workforce because of his age while simultaneously seeking to retain his services at the Clinton

Plant at the same rate of pay.[7] The Court finds this evidence—all of which is uncontradicted—undercuts any reasonable inference of pretext.

Thus, upon review, the Court grants Defendant's Motion for Summary Judgment to the extent it seeks dismissal of Plaintiff's age discrimination claims under the ADEA and OADA.

### B. Unpaid Wages and Overtime Under the FLSA

The FLSA requires that covered employers pay their employees at least the federal minimum wage and compensate employees time-and-a-half for all overtime hours. *See* 29 U.S.C. §§ 206, 207. To prevail on his FLSA claims here, Plaintiff "need only prove 'that he has in fact performed work for which he was improperly compensated' and produce 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Courtright v. Bd. of Cnty. Comm'rs of Payne Cnty.*, No. CIV–08–230–D, 2011 WL 2181954, at *10 (W.D. Okla. June 3, 2011) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). The burden then "shifts to the employer to produce evidence of the precise amount of work performed or to negate the reasonableness of the inference drawn from the employee's evidence." *Donovan v. Simmons Petroleum Corp.*, 725 F.2d 83, 85 (10th Cir. 1983).

Here, in short, Plaintiff has failed to produce any evidence demonstrating the amount and extent of uncompensated work performed as a matter of just and reasonable inference.[8] Defendant, conversely, has produced uncontradicted evidence showing (1) the hours Plaintiff worked; (2) the

---

[7] Plaintiff asserts, without evidentiary support, that he "was offered a position that he could not legally perform because he did not possess a wastewater license." Resp. at 10. This assertion is contradicted by the record. *See* [Doc. No. 29–5] at 3 (offering Plaintiff an Operator III position at the Clinton Plant which was "commensurate with [his] . . . licensing level").

[8] The portion of Plaintiff's response dedicated to his FLSA claims consists solely of legal standards without any explanation or citations to the record. *See* Resp. at 27–30.

compensation, including overtime pay, that Plaintiff received for hours worked; and (3) the requests made by Plaintiff to correct errors in his recorded hours and overtime pay.

Accordingly, upon review, the Court grants Defendant's Motion for Summary Judgment to the extent it seeks dismissal of Plaintiff's claims for unpaid wages and overtime under the FLSA.

### C.     Retaliatory Discharge Under *Burk*

Though Oklahoma generally follows the employment-at-will doctrine for employment of indefinite duration, the Oklahoma Supreme Court's decision in *Burk* "created a narrow exception to the employment-at-will doctrine—the public policy exception." *Barker v. State Ins. Fund*, 2001 OK 94, ¶ 14, 40 P.3d 463, 468, *as corrected* (Nov. 7, 2001).  The exception, frequently referred to as a "*Burk* tort," allows "an employee who is discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy [to] bring a tort claim for wrongful discharge." *Id.*

A viable *Burk* tort claim must show "(1) an actual or constructive discharge (2) of an at-will employee (3) in significant part for a reason that violates an Oklahoma public policy goal (4) that is found in Oklahoma's constitutional, statutory, or decisional law or in a federal constitutional provision that prescribes a norm of conduct for Oklahoma and (5) no statutory remedy exists that is adequate to protect the Oklahoma policy goal." *Moore v. Warr Acres Nursing Ctr., LLC*, 2016 OK 28, ¶ 19, 376 P.3d 894, 899–900 (internal quotation marks omitted).

In Plaintiff's petition, he asserts that his lead operator position was eliminated in retaliation "for [his] reports of unsafe working conditions both to management and the public," in violation of "Plaintiff's free speech rights set forth in Oklahoma and Federal Constitutions and Oklahoma's public policy." Pet. at 8. Plaintiff's response, however, neither discusses *Burk* nor cites to any record evidence in support of his claim.

Even assuming, generously, that Plaintiff reported unsafe working conditions at the Clinton Plant, he has not adduced any evidence remotely suggesting the reports were a "significant factor" in the elimination of his position.  *Vasek v. Bd. of Cnty. Comm'rs of Noble Cnty.*, 2008 OK 35, ¶ 32, 186 P.3d 928, 934.  Defendant, on the other hand, has submitted ample evidence demonstrating that its decision to eliminate Plaintiff's position amounted to a business judgment—untainted by discriminatory or retaliatory motives.  Therefore, upon review, the Court grants Defendant's Motion for Summary Judgment to the extent it seeks dismissal of Plaintiff's *Burk* claim.

**IV.    Conclusion**

For the reasons set forth herein, Defendant's Motion for Summary Judgment [Doc. No. 29] is GRANTED.  Because this Order fully resolves this matter, a separate judgment shall be entered.

IT IS SO ORDERED this 14th day of November, 2023.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE